**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

FILED

AUG 3 1 2012

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
               DEPUTY CLERK

**UNITED STATES OF AMERICA**

**-vs-**                                                    **CAUSE NO.  A-12-CR-104-SS**

**MOHAMMED ALI YASSINE**

---

## O R D E R

BE IT REMEMBERED on August 30, 2012, the Court held a hearing in the above-styled cause,[1] at which the parties appeared by and through counsel, and during which the Court specifically considered Defendant Mohammed Ali Yassine's Motion to Sever Counts [#81], and the Government's response [#98] thereto; his Motion in Limine [#82], and the Government's response [#94] thereto; his Motion to Suppress Search and Seizure [#83], and the Government's response [#100] thereto; his Motion to Correct Name [#84], and the Government's response [#95] thereto; his Motion to Suppress Statements [#85], and the Government's response [#99] thereto; his Motion for Determination of Admissibility of Coconspirator Hearsay [#86], and the Government's response [#96] thereto; his Motion to Continue [#87]; his Motion for Disclosure Under Rule 12 [#88], and the Government's response [#94] thereto; his Motion to Produce Transcripts [#89], and the Government's response [#97] thereto; and his Motion for Notice of Intent to Use Evidence [#90], and the Government's response [#94] thereto.

---

[1] The hearing also concerned Cause Numbers A–12–CR–102–SS and A–12–CR–105–SS.  Separate written orders shall issue disposing of the motions in those cases.

During the hearing, the Court made oral pronouncements, which it memorializes now in this written order.  Further, the Court carried some matters for further consideration, which matters are resolved herein.  With the exception of the Motion to Sever Counts [#81], the Court has given its reasons for the following rulings in an order entered today in Cause Number A–12–CR–105–SS, and will not repeat itself here.  Therefore, having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following.

Defendant seeks to sever Count III of the indictment, which charges Defendant with delivery of a firearm knowing it will be used in a drug transaction in May 2008.  FED. R. CRIM. PRO. 8(a) provides:

> Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Whether joinder is proper is normally determined from the allegations in the indictment. *See United States v. Faulkner*, 17 F.3d 745, 758 (5th Cir. 1994).  To be properly joined, the offenses charged "must be shown to be part of a single plan or scheme," and that "proof of such a common scheme is typically supplied by an over-arching conspiracy from which stems each of the substantive counts." *United States v. Lane*, 735 F.2d 799, 805 (5th Cir. 1984), *rev'd in part on other grounds*, 474 U.S. 438 (1986).

The Motion to Sever Counts [#81] is DENIED.  First, the motion is entirely conclusory, and consists of no argument, only a recitation of the relevant legal standards.  Second, the Court finds the offense charged in Count III is part of the over-arching conspiracy alleged in the rest of the indictment. Finally, the Court disagrees with Defendant's counsel's argument at hearing that joinder

of this Count is improper because the alleged delivery occurred in May 2008, whereas the drug violations allegedly occurred in September and October 2008.  It is readily apparent from the indictment that these acts are part of common scheme, and in turn are part of the over-arching conspiracy Defendants are charged with perpetrating.

**Conclusion**

Accordingly,

IT IS ORDERED that the following motions are DISMISSED WITHOUT PREJUDICE: [##84, 85, 88, 89, 90];

IT IS FINALLY ORDERED that the following motions are DENIED: [##81, 82, 83, 86, 87,].


SIGNED this the _31_ day of August 2012.


_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE